RECEIVED
OCT - 4 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **ESTOLIO GUERRA (#27454-001)** | **DOCKET NO. 10-CV-1287; SEC. P** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **MARINA MEDINA, WARDEN** | **MAGISTRATE JUDGE JAMES D. KIRK** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed by *pro se* petitioner Estolio Guerra on August 17, 2010. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is presently incarcerated at the Federal Correctional Institution at Pollock, Louisiana (FCI-Pollock) where he is serving a 30 month sentence imposed in the District of New Mexico for conspiracy to distribute marijuana. Petitioner claims that the BOP arbitrarily and capriciously denied him entry into its Residential Drug Abuse Treatment Program (RDAP).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

### *FACTS AND BACKGROUND*

Petitioner's sentencing judge recommended that Petitioner serve his sentence close to his family and that he participate in the 500 hour residential drug and alcohol treatment program. After

arriving at FCI-Pollock, Petitioner requested the he be allowed to participate in the RDAP. On March 31, 2010, Petitioner's request was denied because he did not meet the basic requirements for RDAP. Specifically, the denial stated, "per policy 5330.11, you must have a documented substance abuse history 12 months prior to your current arrest." [Doc. #1-3, p.13/26]

Thereafter, Petitioner's wife and daughter signed affidavits attesting to Petitioner's history of drug and alcohol abuse. [Doc. #1-3, p.15, 17] The affidavits were provided to Petitioner's probation officer in New Mexico and then submitted to the Bureau of Prisons for consideration. Petitioner submitted another inmate request form on June 7, 2010, which was denied the same day. It was noted, "The documents sent in by the probation officer were received. They do not qualify you for the program. You need documentation from a substance abuse provider/medical provider who diagnosed and treated you within the 12 months prior to your arrest." [Doc. #1-3, p.19/26]

Petitioner then filed a request for administrative remedy on July 8, 2010, to which the warden responded on July 15, 2010. The warden stated that, per Program Statement 5330.11, in order to be eligible for RDAP, an inmate must have documentation demonstrating a pattern of substance abuse or dependency that would meet the criteria for a substance use disorder as defined by the American Psychiatric Association's <u>Diagnostic and Statistical Manual of</u>

2

Mental Health Disorders. The warden noted that, although an inmate may seek documentation from a probation officer or other professional to verify a history of substance abuse, affidavits from a wife and child are not sufficient. [Doc. #1-3, p.21]

### Law and Analysis

Petitioner's complaint, liberally construed, alleges he has been denied due process of law because he has been ruled ineligible to participate in the RDAP. "A due process claim is cognizable only if there is a recognized liberty or property interest at stake." Schroeder v. McDonald, 55 F.3d 454, 462 (9th Cir. 1995). In the prison context, a liberty interest may be created by the Due Process Clause of the Constitution itself or by the government through a statute. See id.; Sandin v. Connor, 515 U.S. 472, 479 n.4 (1995).

The Due Process Clause confers a liberty interest in punishment that is not "qualitatively different" from the punishment characteristically suffered by a person convicted of a crime. Id. at 479 n. 4. So long as the punishment is "within the normal limits or range of custody," which the conviction has authorized the government to impose, there is no violation of a protected liberty interest conferred by the Due Process Clause. Id. at 478 (quoting Meachum v. Fano, 427 U.S. 215, 225 (1976)).

Where the Due Process Clause does *not* create a liberty interest, the government may nevertheless create one by statute.

Id. at 483-84. And, where a statute has granted *discretion* to prison administrators, no liberty interest has been created. See Meachum, 427 U.S. at 226-28.

In Richardson v. Joslin, 501 F.3d 415 (5th Cir. 2007), the United States Court of Appeals for the Fifth Circuit considered whether a protected liberty interest was created by 18 U.S.C. §3621.[1] The court concluded that the Due Process Clause did not create a protected liberty interest in receiving a sentence reduction pursuant to the RDAP **because being ruled ineligible for participation in the RDAP would only cause a petitioner to serve the remainder of his sentence under typical circumstances.** It would not impose a punishment qualitatively different from the punishment characteristically suffered by a person convicted of a crime. Id. at 419. The court further concluded that Section 3621 did not itself create a liberty interest because it did not contain any mandatory language requiring that a person be released early upon completion of the RDAP. See id. at 420. The court stated that Section 3621 granted the Bureau of Prisons broad discretion in determining whether to reduce the sentence of a prisoner who has

---

[1]Section 3621 addresses the imprisonment of a convicted person, including commitment to the custody of the Bureau of Prisons, place of imprisonment, delivery of order of commitment, delivery of prisoner for court appearances, substance abuse treatment, incentive for successful completion of treatment programs, sex offender management, and continued access to medical care.

4

successfully completed the RDAP. <u>Id.</u>

As neither the Due Process Clause nor Section 3621 itself created a liberty interest in being able to participate in the RDAP, **denying Petitioner permission to participate in the RDAP did not implicate a protected liberty interest.** Accordingly, petitioner's due process claim is without merit.

It should be noted that FCI-Pollock does offer several non-residential drug treatment programs that can assist Petitioner in addressing his substance abuse concerns. [Doc. #1-3, p.21] Warden Medina encouraged Petitioner to enroll in those programs. Likewise, the Court encourages Petitioner to take advantage of the many programs that are available to him for addressing his substance abuse problem.

Accordingly,

**IT IS RECOMMENDED** that Guerra's Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this**

5

Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 4th day of October, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE